UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARRANISHA DAVIS, #761524,

        Petitioner,

                              CASE NO. 2:13-CV-15215
v.                              HONORABLE MARIANNE O. BATTANI

MILLICENT WARREN,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Tarranisha Davis ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that she is being held in violation of her constitutional rights. Petitioner was convicted of second-degree murder and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court in 2010 and sentenced to consecutive terms of 22 to 40 years imprisonment and two years imprisonment. In her petition, she raises claims concerning a witness's invocation of his Fifth Amendment rights, the lack of a hearing on that issue, the admission of a co-defendant's letter to his sister, the jury instructions, and the sufficiency of the evidence. She also attaches a copy of a state court motion for relief from judgment raising claims of ineffective assistance of trial counsel, which was submitted to the state trial court in December, 2013.

For the set forth herein, the Court dismisses without prejudice the petition for a writ of habeas corpus.  The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II.     Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).  A Michigan prisoner must raise each issue he or she seeks to present in a federal habeas proceeding to the state courts for review.  The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts.  McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); see also Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing McMeans).  The claims must also be raised in the state courts as federal constitutional issues.  Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).  Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990); Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).  The burden is on the petitioner to prove exhaustion.  Rust, 17 F.3d at 160.

In this case, Petitioner indicates that she has not exhausted all of her potential habeas claims in the state courts and that she has a motion for relief from judgment

pending in the state trial court concerning the convictions at issue in this case. Petitioner must complete the state court process before seeking habeas relief in federal court. Witzke v. Bell, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); Harris v. Prelisnik, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006). Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's claims before she can present them in federal court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

Moreover, to the extent that Petitioner's pending motion does not concern her current claims, that proceeding may result in the reversal of her convictions on another ground, thereby mooting the federal questions presented. See Humphrey v. Scutt, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir.1983), and Woods v. Gilmore, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)); Szymanski v. Martin, 99-CV-76196-DT, 2000 WL 654916 (E.D. Mich. April 13, 2000). Non-prejudicial dismissal of the petition, rather than a stay of the proceedings, is warranted under such circumstances.

Lastly, a stay is not necessary in this case because the one-year statute of limitations applicable to federal habeas actions, 28 U.S.C. § 2241(d), does not pose a concern. The Michigan Supreme Court denied leave to appeal on direct appeal on December 26, 2012. Petitioner's convictions became final 90 days later, Jimenez v.

3

Quarterman, 555 U.S. 113, 119 (2009); Lawrence v. Florida, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1), on or about March 26, 2013.  Accordingly, Petitioner was required to file her federal habeas petition by March 26, 2014, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).  Petitioner appears to have submitted her pending motion for relief from judgment to the state courts in late December, 2013 and dated her federal petition on December 22, 2013.  At this juncture, therefore, about three months of the one-year limitations period remains.  Petitioner thus has sufficient time to file a new petition containing all of her claims upon the completion of state court remedies.  A stay is unwarranted.

### III.     Conclusion

For the reasons stated, the Court concludes that Petitioner has a matter pending in state court concerning the convictions at issue in this case and that a stay of the proceedings is unwarranted.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.  The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner

states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  Reasonable jurists could not debate the correctness of the Court's procedural ruling.  Accordingly, the Court **DENIES** a certificate of appealability.  The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith.  FED. R. APP. P. 24(a).  This case is closed.

   **IT IS SO ORDERED**.


                                        s/Marianne O. Battani
                                        _____
                                        MARIANNE O. BATTANI
                                        UNITED STATES DISTRICT JUDGE

Dated: January 16, 2014

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was mailed to the Petitioner via ordinary U.S. Mail, and Counsel for the Respondent, electronically.

                                        s/Bernadette M. Thebolt
                                        Case Manager